J-A16019-17

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| TODD A. JOHNSON | |
| Appellant | No. 758 WDA 2016 |

Appeal from the Judgment of Sentence February 2, 2016
In the Court of Common Pleas of Armstrong County
Criminal Division at No: CP-03-CR-0000197-2015

BEFORE:  STABILE, J., FORD ELLIOTT, P.J.E., and STRASSBURGER, J.[*]

MEMORANDUM BY STABILE, J.:  FILED:  SEPTEMBER 29, 2017

Appellant, Todd A. Johnson, appeals from the February 2, 2016 judgment of sentence entered in the Court of Common Pleas of Armstrong County ("trial court") sentencing him to an aggregate sentence of 418 months to life for criminal homicide and robbery.[1]  Upon review, we affirm.

The trial court summarized the factual history of the matter as follows.

On February 10, 2015, [Appellant], then 17 years old, drove with his friend Cain Klingensmith to 110 Basin Street in Leechburg, Pennsylvania.  [Appellant] previously had obtained marijuana from individuals living at that residence, and he had gone there on February 10, 2015[,] for the same purpose.  [Appellant] entered the residence wearing black clothing, sunglasses[,] and a ski mask, and was carrying a loaded nine-

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 2502(b) and 3701(A)(1)(ii), respectively.

millimeter handgun. [Appellant] proceeded upstairs to the second floor living area, where one of the victims, Derrike Roppolo, age 19, was sitting with several friends. After a period of a few minutes, Mr. Roppolo retrieved a baseball bat and confronted [Appellant]. After an exchange of words, [Appellant] pushed Mr. Roppolo over the arm of a couch and shot him in the chest as Mr. Roppolo was attempting to climb back to his feet. Mr.Roppolo died shortly thereafter. After the shooting, [Appellant] approached two other individuals, Destony Walker and Dakota McKinley, pointed the gun at Mr. McKinley, and demanded his cellular phone. Mr. McKinley had taken photos and videos of the incident with his Snapchat application, which were never retrieved. [Appellant] then fled the scene and was apprehended while traveling on State Route 422.

Trial Court Opinion, 4/20/16, at 1-2.

Appellant was charged with criminal homicide, aggravated assault, criminal attempt-theft, robbery with threats of bodily injury, possession of firearms by minor, and terroristic threats.[2] A jury trial was held from December 7, 2015, through December 10, 2015, on the homicide, aggravated assault, and robbery counts. On December 10, 2015, the jury found Appellant guilty of murder of the second degree and robbery with threats of bodily injury.[3] On February 2, 2016, the trial court sentenced Appellant to 418 months to life in prison.

Appellant filed a timely post-sentence motion on February 12, 2016. The trial court held a hearing on the post-sentence motion on March 21,

_____

[2] 18 Pa.C.S.A. §§ 2501, 2702(a)(1), 901, 3701(a)(1)(ii), 6110.1, and 2706(a)(1), respectively.

[3] The jury also found that Appellant was at least 15 years old but less than 18 years old at the time of the offense.

2016. On April 20, 2016, the trial court denied Appellant's post-sentence motions. On May 19, 2016, Appellant filed a timely notice of appeal and on May 23, 2016, the trial court directed Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Appellant complied on June 13, 2016, and the trial court issued a Rule 1925(a) opinion on June 24, 2016.

Appellant raises eight issues for our review, which we repeat verbatim,

[I.]     Whether the trial court erred in denying [Appellant's] motion for directed verdict as to first degree murder and as such improperly instructed the jury to consider first degree murder.

[II.]    Whether [Appellant] could not have been found to have committed attempted robbery because reasonable doubt existed as a matter of law.

[III.]   Whether the [trial court's] charge to [the] jury failed to protect [Appellant's] right to have attempted robbery proved beyond a reasonable doubt.

[IV.]    Whether [Appellant's] constitutional rights are violated when he is convicted of felony-murder but was never charged with the underlying felony.

[V.]     Whether the interest in ensuring that the felony-murder conviction as to a juvenile offender is unconstitutional outweighs the interest in finality.

[VI.]    Whether felony-murder as applied to a juvenile is unconstitutional.

[VII.]   Whether [Appellant's] conviction an stand because a juvenile standard must be applied to [Appellant's] response in self-defense.

[VIII.] Whether the required application of the "reasonable juvenile standard" in this case requires that the felony-murder conviction be overturned.

Appellant's Brief at 4 (unnecessary capitalization omitted).

Appellant's first issue is that the trial court erred when it denied his motion for judgment of acquittal on the charge of first degree murder. This argument is meritless as Appellant was not convicted of first degree murder. Appellant instead, asserts that it "elevated the seriousness of the crime committed by [Appellant] to an inappropriate level that could easily have had some of the jurors considering entering a verdict for First Degree Murder." Appellant's Brief at 24. However, as we have noted, Appellant was found not guilty of first degree murder. Therefore, this issue is meritless. Alternatively, the trial court's April 20, 2016 opinion adequately addresses this issue and we adopt its reasoning herein. See Trial Court Opinion, 4/20/16, at 8-11.

Appellant's second claim is a challenge to the sufficiency of the evidence of attempted robbery via his second degree murder conviction. Appellant failed to raise this issue in his concise statement of matters complained of on appeal, thus this issue is waived. See Pa.R.A.P. 1925(b). Moreover, Appellant failed to specify which element of attempted robbery he is challenging, which also results in waiver. See Commonwealth v. Williams, 959 A.2d 1252, 1257 (Pa. Super. 2008). Furthermore, the only authority Appellant cites in his brief is the Pennsylvania Standard Jury Instruction; thus, Appellant has failed to develop this argument and it is waived. See Pa.R.A.P. 2119; see also Commonwealth v. Kearney, 92

A.3d 51, 66 (Pa. Super. 2014). Nonetheless, even though we find waiver, we will address the merits.

Our standard of review of a sufficiency of the evidence claim is well established.

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying [the above] test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonably doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the [trier] of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

Commonwealth v. Hansley, 24 A.3d 410, 416 (Pa. Super. 2011) (quoting Commonwealth v. Jones, 874 A.2d 108, 120-21 (Pa. Super. 2005)) (additional citations omitted) (alteration in original). Further,

> the second degree-murder statute does not set forth or require the commission of the predicate offense as an element. To secure a conviction for second-degree murder, the Commonwealth must prove that the defendant committed a murder "while [he or she] was engaged . . . in the perpetration of a felony." 18 Pa.C.S.A. § 2502(b). "Perpetration of a felony" is statutorily defined in a very broad manner, encompassing, inter alia, "[t]he act of the defendant in

- 5 -

> engaging in . . . the commission of, or an attempt to commit, . . . robbery. . . ." 18 Pa.C.S.A. § 2502(d).

Commonwealth v. Miller, 35 A.3d 1206, 1212 (Pa. 2012) (emphasis in original). Moreover, "the Commonwealth is not required to prove that the accused actually committed the predicate offense." Id. (emphasis in original).

In the matter sub judice the Commonwealth presented evidence that Appellant went to 110 Basin Street to steal marijuana. He entered the residence dressed in all black, wearing a ski mask with sunglasses, and holding a loaded firearm in his hand. While holding the firearm in his hand, Appellant said he was there for a "five-finger discount." N.T. Jury Trial, 12/8/15, at 105-06; N.T. Jury Trial, 12/9/15, at 289-90. Thus, there was clearly sufficient evidence to suggest that Appellant was attempting to rob the individuals at 110 Basis Street. Appellant's claim fails.

Next, Appellant asserts the trial court erred in its charge to the jury on attempted robbery. As the trial court properly noted, Appellant failed to object to the jury instructions in the matter sub judice. Pennsylvania Rule of Criminal Procedure 647 provides that "[n]o portions of the charge nor omissions from the charge may be assigned as error unless specific objections are made thereto before the jury retires to deliberate." Pa.R.Crim.P. 647(C). Moreover, "the mere submission and subsequent denial of proposed points for charge that are inconsistent with or omitted from the instructions actually given will not suffice to preserve an issue,

absent a specific objection or exception to the charge." Commonwealth v. Pressley, 887 A.2d 220, 225 (Pa. 2005). As discussed above, Appellant did not object pursuant to Rule 647(C) before the jury retired to deliberate. See N.T. Jury Trial, 12/10/15, at 619-661. Thus, Appellant's claim is waived.

Finally, Appellant's fourth through eighth issues were not raised in his Rule 1925 statement. See Rule 1925(b) Statement, at 2-4; see also Pa.R.A.P. 1925(b).

> Our jurisprudence is clear and well settled, and firmly established that: Rule 1925(b) sets out a simple bright-line rule, which obligates an appellant to file and serve a Rule 1925(b) statement, when so ordered; any issues not raised in a Rule 1925(b) statement will be deemed waived; the courts lack authority to countenance deviation from the Rule's terms; the Rule's provisions are not subject to ad hoc exceptions or selective enforcement; appellants and their counsel are responsible for complying with the Rule's requirements; Rule 1925 violations may be raised by the appellate court sua sponte, and the Rule applies notwithstanding an appellee's request not to enforce it; and, if Rule 1925 is not clear as to what is required of an appellant, on-the record actions taken by the appellant aimed at compliance may satisfy the Rule. We yet again repeat the principle first stated in [Commonwealth v. Lord, 719 A.2d 306, 309 (Pa. 1998)] that must be applied here: "[I]n order to preserve their claims for appellate review, [a]ppellants must comply whenever the trial court orders them to file a Statement of Matters Complained of on Appeal pursuant to Pa.R.A.P. 1925. Any issues not raised in a Pa.R.A.P. 1925(b) statement will be deemed waived."

Commonwealth v. Hill, 16 A.3d 484, 494 (Pa. 2011) (quoting Lord, 719 A.2d at 309) (footnote omitted). Thus, Appellants fourth through eighth claims are waived.

In conclusion, we find that Appellant's claims are either waived or lack merit. Therefore, we affirm the judgment of sentence. We direct that a copy of the trial court's April 20, 2016 opinion be attached to any future filings in this case.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:  9/29/2017